**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUSAN CARMAN,<br><br>   *Plaintiff*,<br><br> v.<br><br>PSE&G,<br><br>   *Defendant*. | Civil Action No. 17-382<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

  Plaintiff seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915.  D.E. 3.  For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* but the complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief can be granted.

  Under § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit."  *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).  Plaintiff sufficiently establishes her inability to pay, and the Court grants her application to proceed *in forma pauperis* without prepayment of fees and costs.

  However, when allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune.  28 U.S.C. § 1915(e)(2).

When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 Fed. App'x 120, 122 (3d Cir. 2012). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

This case is, in essence, a billing dispute between Plaintiff and Defendant PSEG. Plaintiff alleges that in attempting to resolve her billing dispute with Defendant, PSEG violated her rights under the Americans with Disabilities Act ("ADA"). *See* Compl. at ¶ 1, D.E. 1. Plaintiff contends that she is a long term epileptic and, therefore, this disabled. *Id.* Plaintiff further asserts that PSEG violated the ADA because it failed to make reasonable public accommodations by maintaining a utilities bill on her account (*id.* ¶ 4), refusing to abide by signed agreements and resolve the billing issues (*id.* ¶ 6), bringing suit against Plaintiff and filing motions in court (*id.* ¶¶ 7-8), and installing a "digital smart meter" in her building (*id.* ¶ 9).

Although Plaintiff fails to clarify under which provision of the ADA she brings suit, she fails to state any ADA claim. Title I of the ADA pertains to employment discrimination. *See*

2

*Lavia v. Penn. Dep't of Corrs.*, 224 F.3d 190, 198 (3d Cir. 2000). Because Plaintiff's complaint clearly does not involve employment discrimination, Title I is inapplicable. Title II of the ADA "prohibits discrimination against the disabled in public services, programs, and activities." *Disability Rights N.J., Inc. v. Comm'r, N.J. Dep't of Human Servs.*, 796 F.3d 293, 301 (3d Cir. 2015). To state a claim under Title II, a plaintiff must establish, in part, that she was excluded from a service, program, or activity of a public entity because of her disability. *Id.* (citing 42 U.S.C. § 12132). In this instance, Plaintiff fails to allege that PSE&G excluded her from any of the stated categories because of her epileptic condition. Consequently, Plaintiff's complaint does not state a claim under Title II of the ADA.

Finally, Pursuant to Title III of the ADA, "it is unlawful for a public accommodation to discriminate against an individual on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations." *Regents of Mercersburg Coll. v. Republic Franklin Ins. Co.*, 458 F.3d 159, 164 (3d Cir. 2006) (citing 42 U.S.C. § 12182(a)). The Third Circuit views a "public accommodation," which is defined through a list of twelve categorical examples, as a physical place. *Bowers v. Nat'l Collegiate Athletic Ass'n*, 9 F. Supp. 2d 460, 483 (3d Cir. 1998); *Peoples v. Discover Fin. Servs., Inc.*, 387 F. App'x 179, 183-84 (3d Cir. 2010). Thus, discrimination under Title III pertains to an individual's ability to access or enjoy the goods and services provided at a physical place. 42 U.S.C. § 12182(b)(2). In addition, "a potential defendant must be a person who owns, leases . . . , or operates a place of public accommodations." *Bowers*, 9 F. Supp. 2d at 480 (quoting 42 U.S.C. § 12182(a); 28 C.F.R. pt. 36, app. B at 613). Here, Plaintiff does not allege that she was denied access to or the enjoyment of goods or services offered at any physical place or that PSEG owns, leases or operates a place of public accommodation. As a result, Plaintiff fails to state a claim under Title III of the ADA. The

Court also notes that to state an ADA claim a plaintiff must plead that she is a qualified individual with a disability. *See, e.g.*, *Disability Rights N.J., Inc.*, 796 F.3d at 301. Plaintiff also fails to adequately plead this element. Plaintiff's complaint, therefore, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief can be granted.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). At this point, the Court cannot conclude that Plaintiff's claims are futile. Therefore, the Court shall provide Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty days, the dismissal will then be with prejudice. A dismissal with prejudice means that Plaintiff will be precluded from filing any future suit against Defendant concerning the allegations in the complaint. An appropriate form of Order accompanies this Opinion.

Dated: March 2nd, 2017

                                        JOHN MICHAEL VAZQUEZ, U.S.D.J.