NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SUSAN CARMAN,

    *Plaintiff*,

v.

PSE&G,

    *Defendant.*

Civil Action No. 17-382

**OPINION**

**John Michael Vazquez, U.S.D.J.**

Plaintiff Susan Carman seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 3. The Court granted Plaintiff's application to proceed *in forma pauperis* on March 2, 2017, but dismissed her initial complaint because it failed to state a claim. D.E. 4, 5. The Court provided Plaintiff leave to file an amended complaint, which she filed on March 27, 2017. D.E. 6. Because Plaintiff is still proceeding *in forma pauperis*, the Court will screen Plaintiff's Amended Complaint (the "FAC") pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons discussed below, the FAC is **DISMISSED** because it fails to state a claim upon which relief can be granted.

I.     **FACTUAL BACKGROUND & PROCEDURAL HISTORY**

This case is ultimately a billing dispute between Plaintiff and Defendant PSE&G. Plaintiff alleges that PSE&G overcharged her on two separate occasions. First, in 2004, PSE&G determined that Plaintiff was overcharged due to a diversion of service. PSE&G informed Plaintiff

1

that if she moved, she would receive a refund of $9,000. FAC at 7, D.E. 6. Plaintiff alleges that she moved "in detrimental reliance" on this expected refund and remained in that location from 2008 to 2011. *Id.* Plaintiff contends that PSE&G overbilled her again while at this residence, and that PSE&G promised to refund her an additional $9,000. *Id.* Plaintiff never received either refund and alleges that approximately $11,000 remains on her bill. *Id.* Plaintiff now lives at 870 South Orange Avenue, Newark, New Jersey. *Id.* On or around September 2013, PSE&G shut off Plaintiff's utilities for failure to pay her utility bill. FAC at 5. Plaintiff and PSE&G have been engaged in litigation in the New Jersey state courts and the Office of Administrative Law since approximately 2004 to resolve these billing disputes. FAC at 4.

Plaintiff's initial complaint in the instant litigation asserted claims solely on the basis of the Americans with Disabilities Act ("ADA"), as Plaintiff alleges that she suffers from a lifelong epileptic condition. D.E. 1. In screening Plaintiff's initial complaint, the Court determined that Plaintiff failed to state a claim under Titles I, II, or III of the ADA. D.E. 4. Through the FAC, Plaintiff includes numerous new factual allegations and causes of action, including (1) a procedural due process claim due to PSE&G's failure to provide Plaintiff a hearing related to the first instance of overbilling; (2) violations of multiple federal regulations; and (3) a claim for retaliation under the ADA. Plaintiff also seeks to include Mr. Derek Dillard as a Plaintiff in this matter. Mr. Dillard currently resides with Plaintiff; he states that he is Plaintiff's healthcare provider and has power of attorney to conduct all of her business affairs. Dillard Cert. ¶ 3.

## II.  STANDARD OF REVIEW

Under § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). However, when allowing a plaintiff to proceed *in forma*

*pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2).

When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To survive dismissal under Rule 12(b)(6), a complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In addition, because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 14, 2010) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

### III. ANALYSIS

#### 1. Due Process Claim

Plaintiff claims that PSE&G violated her due process rights when handling the initial overbilling in 2004 because she was not afforded a hearing to resolve the billing dispute. FAC at 7. The provision of utility services by a private utility company can potentially implicate procedural due process concerns under the Fourteenth Amendment if that service is then canceled.

3

*Ransom v. Marrazzo*, 848 F.2d 398, 412 (3d Cir. 1988). "The procedural component of the Due Process Clause requires that an individual must receive some form of notice and an opportunity to dispute the proposed action before being deprived of a property interest." *Washington v. Phila. Gas Works*, No. 15-3745, 2016 WL 3632714, at *2 (E.D. Pa. July 6, 2016). This means that Plaintiff is entitled to notice and an opportunity to be heard if, and only if, PSE&G decided to cancel Plaintiff's utilities.

Although Plaintiff alleges that PSE&G shut off her utilities in 2013, her due process claim does not appear to involve the termination of her utilities. Instead, she alleges that PSE&G violated her procedural due process rights because it failed to provide her a hearing with regards to the overbilling. FAC at 7. As discussed, procedural due process protections only come into play when a utility that was previously provided is terminated. *Ransom*, 848 F.2d at 412. Even viewing the FAC liberally to include the eventual termination of her utilities, Plaintiff fails to state a procedural due process claim against PSE&G. To sufficiently plead such a claim, plaintiffs must allege facts that "(1) identify a policy or custom that deprived [them] of a federally protected right, (2) demonstrate that the municipality, by its deliberate conduct, acted as the 'moving force' behind the alleged deprivation, and (3) establish a direct causal link between the policy or custom and the plaintiff's injury." *Washington*, 2016 WL 3632714, at *2. The FAC fails to plead facts as to any of these required elements. Consequently, Plaintiff's procedural due process claim is dismissed for failure to state a claim.[1]

---

[1] Plaintiff also claims that the fraud exception to the *Rooker-Feldman* doctrine permits her to bring this case. FAC at 5-6. But it does not appear that the *Rooker-Feldman* doctrine, let alone the fraud exception, is relevant to the facts at hand. The *Rooker-Feldman* doctrine is an affirmative defense that "prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Daniels v. Cynkin*, 34 F. Supp. 3d 433, 438 (D.N.J. 2014) (quoting *Lance v. Dennis*, 546 U.S. 459, 460 (2006)). For the *Rooker-Feldman* doctrine to apply, a plaintiff, who lost in state

## 2. Federal Acquisition Regulations Violation

Plaintiff claims that PSE&G violated the Federal Acquisition Regulations System ("FAR"), 48 C.F.R. §§ 52.241-7 and 41.501, in handling her previous billing dispute. FAC at 7-8. FAR is a set of "uniform policies and procedures for acquisition by all executive agencies." 48 C.F.R. § 1.101. This dispute involves an individual citizen and PSE&G, a public service entity. Plaintiff's allegations do not concern a federal executive agency. Therefore, FAR does not appear to be applicable to the instant matter. *Cf.* 48 C.F.R. §§ 33.201-33.215 (outlining procedures for dispute resolution and appeals related to contractor disputes under FAR). Therefore, Plaintiff's claims pursuant to 48 C.F.R. §§ 52.241-7 and 41.501 are dismissed.

## 3. Fraud and Misrepresentation Violation

Plaintiff alleges that PSE&G made false or misleading statements regarding the handling of utilities bills in violation of 17 C.F.R. Section 240.14a-9, or Rule 14a-9. FAC at 8. Rule 14a-9 is a federal regulation that is related to Section 14(a) of the Securities Exchange Act of 1934. "Although Section 14(a) does not explicitly provide for a right of private action, the Supreme Court has recognized an implied right of private action under Section 14(a), which allows shareholders to 'sue for damages when a misrepresentation in a proxy statement interferes with fair corporate suffrage.'"[2] *Bono v. O'Connor*, No. 15-6326, 2016 WL 2981475, at *7 (D.N.J. May 23, 2016) (quoting *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 228 (3d Cir. 2007)). The FAC

---

court, must be "complain[ing] of injuries caused by the state-court judgments" in a subsequent federal court proceeding. *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010). In this instance, it is not clear that Plaintiff lost in state court, and critically, she does not appear to challenge any of the underlying state court proceedings through this action. Thus, based on the facts presented to the Court, the *Rooker-Feldman* doctrine appears to be inapplicable.

[2] A proxy statement is a required document that is used in the context of soliciting shareholder votes. 17 C.F.R. § 240.14a-101.

clearly does not involve a proxy statement, shareholder votes, or anything related to a Section 14(a) cause of action. This is not a securities case. As a result, this claim will be dismissed as it fails to state a claim under 17 C.F.R. 240.14a-9.

### 4. Retaliation under the ADA

The FAC re-pleads a claim for retaliation under the ADA, specifically citing 28 C.F.R. Section 35.134. FAC at 8-10. Section 35.134 prevents a private or public entity from discriminating against any individual because that individual "opposed any act or practice made unlawful by this part, or . . . made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the [ADA] or this part." 28 C.F.R. § 35.134(a). "To state a claim under this regulation, a plaintiff must allege that: (1) he engaged in an activity protected by the [ADA]; (2) the defendant took adverse action against him; and (3) there is a causal link between his protected activity and the adverse action." *Kunkle v. Naugle*, No. 15-896, 2015 WL 7756197, at *7 (E.D. Pa. Dec. 2, 2015), *aff'd*, 660 F. App'x 132 (3d Cir. 2016) (quotation marks and citation omitted).

Here, Plaintiff claims she engaged in a protected activity by litigating her overbilling claims in court. Plaintiff claims that PSE&G retaliated against her by carrying over billing interest and penalties to the present. FAC at 8-9. Viewing the FAC liberally, Plaintiff shows no evidence that her allegedly protected activity and PSE&G's alleged retaliation are connected. Plaintiff's ADA claim fails for a fundamental reason: she does not plausibly plead that PSE&G was aware of her disability much less that PSE&G took any inappropriate action on account of the alleged disability. As a result, Plaintiff's claims pursuant to the ADA are dismissed.[3]

---

[3] Because the entire FAC is dismissed the Court will not address whether Mr. Dillard should be added as a Plaintiff to this matter.

### 5. Leave to Amend

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). A claim is futile if it is "frivolous or advance[s] a claim or defense that is legally insufficient on its face." *In re L'Oreal Wrinkle Cream Marketing Practices Litig.*, No. 12-3571, 2015 WL 5770202, at *5 (D.N.J. Sept. 30, 2015) (quoting *Marlow Patent Holdings LLC v. Dice Elecs., LLC*, 293 F.R.D. 688, 695 (D.N.J. 2013). Plaintiff can plead no facts that would entitle her to any form of relief under Section 14(a) or the FAR. Therefore, these claims are legally insufficient on their face and futile. Consequently, these claims are dismissed with prejudice. *See, e.g., D'Ambrosio v. Cresthaven Nursing & Rehab. Ctr.*, No. 14-6541, 2016 WL 5329592, at *13 (D.N.J. Sept. 22, 2016) (dismissing claim made pursuant to a statute in which there was no private right of action with prejudice because it was legally insufficient on its face). However, the Court cannot conclude at this point that Plaintiff's remaining claims are futile. Therefore, the Court shall provide Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty days, the dismissal will then be with prejudice.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's FAC is dismissed. Plaintiff, however, is afforded with thirty (30) days to filed an amended complaint as to her Due Process and ADA claims. Failure

7

to file an amended complaint within this time will result in the entire case being dismissed with prejudice. Moreover, if Plaintiff does not plead a plausible claim in her next amended complaint, her action will be dismissed with prejudice. An appropriate Order accompanies this Opinion.

Dated: May 17, 2017

_____
John Michael Vazquez, U.S.D.J.