NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

SUSAN CARMAN,

    *Plaintiff,*

v.

PSE&G,

    *Defendant.*

Civil Action No. 17-382

**OPINION**

**John Michael Vazquez, U.S.D.J.**

    Plaintiff Susan Carman seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 3. The Court granted Plaintiff's application to proceed *in forma pauperis* on March 2, 2017, and Plaintiff filed this Second Amended Complaint (the "SAC") on June 16, 2017. D.E. 10. Because Plaintiff is still proceeding *in forma pauperis*, the Court will screen the SAC pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons discussed below, this matter is **DISMISSED** with prejudice because the SAC fails to state a claim upon which relief can be granted.

**I.    FACTUAL BACKGROUND & PROCEDURAL HISTORY**

    This case is about a billing dispute between Plaintiff and Defendant PSE&G. Plaintiff alleges that PSE&G overcharged her on two separate occasions. First, in 2004, PSE&G determined that Plaintiff was overcharged due to a diversion of service. PSE&G informed Plaintiff that if she moved, she would receive a refund of $9,000. SAC at 7, D.E. 10. Plaintiff alleges that she moved "in detrimental reliance" on this expected refund and remained in this new location

from 2008 to 2011. *Id.* Plaintiff contends that PSE&G overbilled her again while at this residence, and that PSE&G promised to refund her an additional $9,000. *Id.* Plaintiff never received either refund and alleges that approximately $11,000 remains on her bill. *Id.* Plaintiff now lives at 870 South Orange Avenue, Newark, New Jersey. *Id.* Plaintiff and PSE&G have been engaged in litigation in the New Jersey state courts and the Office of Administrative Law since approximately 2004 to resolve these billing disputes. SAC at 4-5. In addition, during Plaintiff's attempt to resolve the alleged billing disputes, PSE&G has shut off services to her home at different times. *Id.*

Plaintiff's initial complaint in the instant litigation asserted claims solely on the basis of the ADA, as Plaintiff alleges that she suffers from a lifelong epileptic condition. D.E. 1. In screening Plaintiff's initial complaint, the Court determined that Plaintiff failed to state a claim under Titles I, II, or III of the ADA. D.E. 4. The Court, therefore, dismissed Plaintiff's initial pleading but provided her with leave to file an amended complaint. D.E. 5.

Plaintiff filed her First Amended Complaint (the "FAC") on March 27, 2017. D.E. 6. In the FAC, Plaintiff included numerous new factual allegations and causes of action, including (1) a procedural due process claim due to PSE&G's failure to provide Plaintiff a hearing related to the first instance of overbilling; (2) violations of multiple federal regulations; and (3) a claim for retaliation under the ADA. The Court determined that Plaintiff failed to state a claim as to any of her new causes of action.[1] The Court, however, granted Plaintiff leave to file an amended pleading as to her claims under the ADA and her due process claims. In addition, the Court warned Plaintiff

---

[1] Plaintiff also sought to include an additional plaintiff in the FAC, who is allegedly Plaintiff's healthcare provider and has power of attorney to conduct all of her business affairs. *See generally* SAC, D.E. 6. The Court did not reach this issue because it dismissed all of the substantive claims. In the SAC, Plaintiff also seeks to include this individual as a party to this action. But again, because Plaintiff fails to state any cognizable claim, the Court need not reach this issue.

2

that if she failed to state a cognizable claim in her amended pleading, this matter would be dismissed with prejudice.[2]

The SAC is largely the same as the FAC but Plaintiff does include a certification that appears to provide additional information regarding Plaintiff's due process claim. The SAC still includes a claim under the ADA and Plaintiff brings claims pursuant to the Public Utility Regulatory Policies Act of 1978 ("PURPA"). Because Plaintiff is proceeding *pro se*,[3] the Court will address the merits of these new causes of actions despite the Court's prior Order limiting Plaintiff's claims. Ultimately, the SAC fails to plausibly plead any cognizable claim and this matter will be dismissed with prejudice.

## II. STANDARD OF REVIEW

Under § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). However, when allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2).

---

[2] After filing the SAC, Plaintiff filed a letter on the docket requesting the Clerk of the Court to issue a summons directed to Defendant. D.E. 12. The Clerk of the Court provided the summons, which Plaintiff appears to have served on Defendant, along with the SAC. D.E. 13 & 14. However, the issuance of the summons was in error because the Court had not screened and approved the SAC for filing. Therefore, both the issuance of the summons and the service on Defendant were premature.

[3] The SAC bears and electronic signature of an attorney; however, no attorney has filed a notice of appearance on behalf of Plaintiff. Additionally, the SAC does not appear to have been drafted by an attorney. Therefore, the Court will construe the SAC as though Plaintiff is *pro se*. The Court's analysis would not be different if counsel represented Plaintiff.

3

When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To survive dismissal under Rule 12(b)(6), a complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In addition, because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 14, 2010) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

### III. ANALYSIS

#### 1. Due Process Claim

The Court dismissed the due process claim in the FAC because it did not involve the termination of Plaintiff's utilities. As discussed, procedural due process protections only come into play when a utility that was previously provided is terminated. *Ransom v. Marrazzo*, 848 F.2d 398, 412 (3d Cir. 1988). To sufficiently plead such a claim, plaintiffs must allege facts that "(1) identify a policy or custom that deprived [them] of a federally protected right, (2) demonstrate that the municipality, by its deliberate conduct, acted as the 'moving force' behind the alleged deprivation, and (3) establish a direct causal link between the policy or custom and the plaintiff's

4

injury." *Washington v. Phila. Gas Works*, No. 15-3745, 2016 WL 3632714, at *2 (D.N.J. July 7, 2016). In the new certification, Plaintiff mentions that her utilities were shut off. However, the SAC still fails to plead a due process claim. Plaintiff does not identify a municipal policy or custom that led to the termination of her utilities or even allege that a municipality was involved in the termination. As a result, Plaintiff's due process claim is dismissed.

### 2. Retaliation under the ADA

The SAC pleads claims for violations of the same ADA regulation, 28 C.F.R. Section 35.134, as asserted previosuly. "To state a claim under this regulation, a plaintiff must allege that: (1) he engaged in an activity protected by the [ADA]; (2) the defendant took adverse action against him; and (3) there is a causal link between his protected activity and the adverse action." *Kunkle v. Naugle*, No. 15-896, 2015 WL 7756197, at *7 (E.D. Pa. Dec. 2, 2015), *aff'd*, 660 F. App'x 132 (3d Cir. 2016) (quotation marks and citation omitted). While the SAC includes an additional statement in Plaintiff's certification that PSE&G is in violation of the ADA because it shut off Plaintiff's utilities without notice, in retaliation for filing claims (*see* SAC at 3), Plaintiff's ADA claim still fails. The SAC still does not indicate that PSE&G was aware of her disability much less that PSE&G took any inappropriate action on account of the alleged disability. As a result, Plaintiff's claims pursuant to the ADA are dismissed.

### 3. Public Utility Regulatory Policy Act

The SAC appears to assert claims pursuant to 16 U.S.C. Section 2625, which establishes "standards" for electric utilities, and Section 2621, which addresses time-based metering and communications for electric utilities, both of which are encompassed by Subsection II of PURPA. 16 U.S.C. § 2633(a), however, substantially limits the ability of a district court to hear PURPA claims. Critically, a consumer may only bring a cause of action pursuant to claims in Subsection

I or II of PURPA under two specific circumstances. First, a consumer may file suit in federal court if the consumer's ability to intervene and participate in a ratemaking or other regulatory proceeding, as set forth in Section 2631(a) of this title, was foreclosed by a state court. 16 U.S.C. § 2633(b)(2). A consumer may also bring suit in district court to review the determination of a federal agency that involves specific provisions of this title, but only if that person participated in the underlying proceeding with the agency. 16 U.S.C. § 2633(c)(2); *see also Rodriquez-Feliciano v. P.R. Elec. Power Auth.*, 488 F. Supp. 2d 45, 49 (D.P.R. 2007) (addressing federal jurisdiction under Section 2633 and concluding that court lacked jurisdiction to hear plaintiff's claims). Plaintiff's SAC does not involve ratemaking or other such regulatory proceedings, therefore, her PURPA claims fail and are dismissed.

### 4. Leave to Amend

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). A claim is futile if it is "frivolous or advance[s] a claim or defense that is legally insufficient on its face." *In re L'Oreal Wrinkle Cream Marketing Practices Litig.*, No. 12-3571, 2015 WL 5770202, at *5 (D.N.J. Sept. 30, 2015) (quoting *Marlow Patent Holdings LLC v. Dice Elecs., LLC*, 293 F.R.D. 688, 695 (D.N.J. 2013)).

The Court has provided Plaintiff with two opportunities to file an amended pleading that asserts cognizable claims. Despite the opportunities, Plaintiff failed to properly address the deficiencies identified by the Court and continues to assert claims under statutes that have no

relevance or do not provide Plaintiff with a right of action. Moreover, when screening the FAC, the Court clearly informed Plaintiff that her case would be dismissed with prejudice if she failed to file an amended complaint that stated a cognizable claim. As a result, the Court concludes that providing Plaintiff leave to file an third amended pleading would be futile. Consequently, this matter is dismissed with prejudice. *See, e.g.*, *TBI Unlimited, LLC v. Clear Cut Lawn Decisions, LLC*, No. 12-3355, 2014 WL 3853900, at *9 (D.N.J. Aug. 5, 2014) (dismissing claims with prejudice where court already provided plaintiff with leave to amend and amended pleading "suffer[ed] from many of the same pleading deficiencies previously identified by the Court").

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's SAC is dismissed with prejudice. An appropriate Order accompanies this Opinion.

Dated: August 29, 2017

_____
John Michael Vazquez, U.S.D.J.